WINDSOR HOSIERY MILLS, INC., Petitioner,

*v.*

ED HAREN, d. b. a., etc., Respondents.

437 S.W.2d 248.

(*Knoxville,* September Term, 1968.)

Opinion filed January 31, 1969.

NOONE & BELL, Chattanooga, for petitioner.

CHARLES C. GUINN, Etowah, for respondents.

PER CURIAM.

The question presented by this case, being novel, involving the construction of T.C.A. 30-524, this Court granted certiorari.

After argument, and consideration by the Court, the Court has concluded that T.C.A. 30-524 has been correctly construed and applied by the Court of Appeals, and that the defense of estoppel to rely on said Code Section is not well made.

The opinion of the Court of Appeals is adopted as the opinion of this Court, as follows:

"The question here presented is whether in a case where suit has been revived against a decedent estate within nine months after publication notice to creditors a copy of the order of revivor must also be filed with the County Court Clerk within that period, under T.C.A. 30-524, providing:

'Pending actions considered legally filed demands— Manner of revival—All actions pending against any person at the time of his death, which by law may survive against the personal representative, shall be considered demands legally filed against such estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order of revivor, one of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending action not so revived against the personal representative within nine (9) months from the date of the notice to creditors shall, at the expiration of said period, abate.'

The Circuit Judge sustained the plea in abatement filed by the Administratrix and the Windsor Hosiery Mill, Inc., has appealed. The facts are not disputed and may be briefly summarized.

Windsor Hosiery Mill filed this suit in the Circuit Court against Ed Haren, doing business as Etowah Heating Company, to recover damages for the alleged breach of a written contract. Ed Haren died November 12, 1966, pending an appeal to the Supreme Court from a judgment sustaining a demurrer to the declaration.

On November 29, 1966, Sally B. Haren, was appointed Administratrix and on December 6, 1966, publication Supreme Court remanded the case to the Circuit Court for trial on the merits. 220 Tenn. 6, 413 S.W.2d 676. Although Ed Haren had died, as shown, on November 12, 1966, no order of revivor was entered in the Supreme Court. On June 14, 1967 approximately six months after publication of the first notice to creditors the suit was properly revived in the Circuit Court against the Administratrix. No copy of the order of revivor was filed with the County Court Clerk, however, until November 6, 1967, eleven months after the first publication notice to creditors

The Circuit Judge held that, under the terms of T.C.A. 30-524 above quoted, the filing of a copy of the order of revivor within nine months after publication notice to creditors was mandatory, and, in effect, that T.C.A. 30-513 does not give the creditor nine months from the order of revivor within which to file claim against the estate.

T.C.A. 30-513 provides:

'Limitation on time for filing claims. All claims and demands not filed with the county or probate clerk, as required by the provisions of sections 30-509—30-512 or in which suit shall not have been brought or revived

before the end of nine (9) months from the date of the notice to creditors, shall be forever barred.'

■ This Section is capable of being construed to mean that cases revived within the nine months limitation period are not barred. We think, however, this section must be construed pari materia with section 30-524 above copied.

Looking to the language of section 30-524 it is to be noted that the topical line refers directly to pending actions and indicates a purpose to deal with the manner of reviving such actions. After providing that claims already in suit shall 'be considered demands legally filed' against the estate *at the time* of the filing of a copy in duplicate of the order of revivor it is then provided that pending action not 'so revived' within nine months shall abate. We think 'so revived' refers to the manner of filing claims already in suit covered in the immediately preceding portion of the section and that such filing is to be deemed a part of the process and mode of revivor. Two requirements are laid down: Revivor in the Court where the action is pending and the filing of a copy of the order of revivor in the probate proceeding within the period of nine months from the date of publication applicable to all other claims.

■ Section 30-513 is a general statute of limitations, or as sometimes called a statute of nonclaims, applicable to all claims whether or not in suit at the time of the decedent's death. Under it no claim in suit will be valid unless revived in the court where it is pending. Likewise no suit can be instituted against the personal representative after the lapse of the nine months limitation period. Section 30-524 directs how the claim after being sued

upon or revived is to be filed in the probate proceeding. Thus both sections can be given effect.

The foregoing construction comports with Pritchard, Wills and Estates, Phillips, 3rd Edition, Section 742, where the learned author states:

'Tennessee procedure for the filing, proving and payment of claims against the estate of a decedent was substantially changed by the enactment of Public Act 1939 ch. 175. Under this act (as subsequently amended and codified) the clerk of the county or probate court in which the estate is being administered, within thirty days after the issuance of letters, must publish notice for creditors; and, within nine months from the first publication of such notice, they must file their claims against the estate with the clerk. Likewise, within nine months, certified copies of orders of revivor of suits revived in other courts against the personal representative must be filed with the clerk. All claims of whatsoever sort not so filed within the nine month period are forever barred.''

If plaintiff had filed a copy of the order of revivor in time the rights of all parties could have been preserved in an orderly way by holding action on the claim in abeyance as provided by T.C.A. 30-518 until the Circuit Court had determined the liability of the estate for damage for the alleged breach of contract.

'This statutory enactment has frequently been denominated as a nonclaim or administrative statute for the orderly, expeditious, and exact settlement of estates of decedents. Statutes of this kind are jurisdictional.' *Alamo Dev. Corp. v. Thomas,* 186 Tenn. [631] 633. [212 S.W.2d 606]

The circuit court was correct in sustaining the plea interposing the bar of the statute unless, as insisted, the estate should be held estopped to make this defense.

We find nothing more than approval by counsel for the estate of the order of revivor. There is nothing in the record suggesting that claimant was led to believe it could ignore the requirement of the statute relating to the timely filing of the order in the probate court. The claim of estoppel is not well made.

It results that the assignments are overruled and the judgment affirmed with costs to be adjudged to Windsor Hosiery Mill, Inc., and surety on its appeal bond.

/s/ McAmis

Presiding Judge.''

■ The judgment of this Court shall be the same as the judgment of the Court of Appeals, Eastern Section, that the judgment of the trial court is affirmed, with costs against Windsor Hoisery Mills, Inc., and its surety on its appeal bond.