Hall WRIGHT, Executor of the Estate of Alice W. Arnold, Deceased, Appellant,

v.

UNIVERSAL TIRE, INC., Appellee.

Court of Appeals of Tennessee,
Western Section.

Sept. 13, 1978.

Certiorari Denied by Supreme Court
Feb. 12, 1979.

Robert Orr, Jr., F. Clay Bailey, Jr., Nash-
ville, for appellant.

Larry D. Woods, Nashville, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

This is an appeal from a judgment of the Probate Court of Davidson County ordering specific performance of a contract to sell land. The deceased, Alice W. Arnold, leased to the appellee, Universal Tire, Inc., certain property in Nashville for a five-year period; the lease gave the appellee an option to purchase in the event of the lessor's death during its term. The lessor died testate during the term of the lease and the appellee gave the appellant notice of its intent to purchase the property. The appellant's failure to convey the property to the appellee resulted in this suit for specific performance. The judgment of the Probate Court granting specific performance is affirmed.

■ The threshold question for our determination is whether the Probate Court of Davidson County had jurisdiction of the subject matter in this suit for specific performance. It is axiomatic that suits for specific performance lie within the inherent jurisdiction of the Chancery Court. *Tennessee Valley Authority v. Mason Coal Company, Inc.,* 384 F.Supp. 1107 (D.C. Tenn.), affm'd. 513 F.2d 632 (6th Cir. 1974); *Dantzler v. Sadd,* 6 Civ.A. (Higgins) 574 (Tenn.Civ.App.1915); 2 Gibson's Suits in Chancery § 995 et seq. (5th ed. 1956).

The Probate Court of Davidson County was created by Chapter 124, Private Acts of 1963. The appellee urges that this Act gave jurisdiction to the Probate Court, but the appellant vigorously insists that it did not. Although not cited by the parties, we think that the issue is resolved by Chapter 366, Private Acts of 1974:

SECTION 1. BE IT ENACTED, That the Probate Court of Davidson County, in addition to the jurisdiction heretofore vested in it by statute, shall have and exercise all the jurisdiction now or hereafter conferred upon the Chancery Court of Davidson County.

SECTION 2. BE IT FURTHER ENACTED, That in the exercise of the jurisdiction conferred upon it hereunder, the Probate Court and the Judge thereof shall be subject to and bound by all the statutes and rules applicable to the Chancery Court of Davidson County. Causes which may be filed in or transferred to the Chancery Court of Davidson County may be assigned to said Probate Court in the same manner in which causes are assigned to the several Parts of the Chancery Court of Davidson County.

SECTION 3. BE IT FURTHER ENACTED, That the Clerk and Master of the Chancery Court of Davidson County shall act as Clerk and Master for said Probate Court in all matters pertaining to the jurisdiction conferred upon said Probate Court by this Act.

Since the Chancery Court has jurisdiction, we hold that the Probate Court of Davidson County has jurisdiction by virtue of the above amendatory act.

■ The appellant also contends that the court did not have jurisdiction over him as an individual but only in his capacity as executor. The summons is addressed to the appellant by name only;[1] in the pleadings the appellant is referred to as "Hall Wright, Executor of the Estate of Alice W. Arnold." The appellant's attorney accepted service of process on his behalf and an answer was filed asserting no defense based on lack of

---

1. Hall Wright was the Executor of the estate of Alice W. Arnold and he also acquired the subject property under her Will.

jurisdiction over the person. This defense was waived.[2] Rule 12.02, Tennessee Rules of Civil Procedure.

■ The appellant insists that the appellee's failure to file a "claim" with the Clerk of the Probate Court within six months from the date of notice to creditors as required by T.C.A. § 30–510 bars the appellee's cause of action. We disagree. The term "claim" as used in T.C.A. § 30–510 et seq. does not include an action for specific performance, but refers to debts or demands against the decedent which might have been enforced by personal actions for the recovery of money, upon which only a money judgment could have been rendered. The statutes are not applicable to claims for specific property coming into the hands of personal representatives. *Shields v. Alsup,* 73 Tenn. 508 (1880); *Hooper v. Bryant,* 11 Tenn. 1 (1832). Another reason that these code sections are not applicable is that suits for specific performance may be maintained against the heirs or those who acquire subject property by will. While the personal representative is a proper party in a suit of this kind, he is not a necessary party; the heirs or one acquiring the property by will are necessary parties. *Hale v. Darter,* 24 Tenn. 79 (1844).

■ The appellant next insists that the personal representative cannot be required to execute the conveyance since the written agreement was not recorded. He cites T.C.A. § 64–402. We overrule this assignment by authority of *Brister v. Estate of Brubaker,* 47 Tenn.App. 150, 336 S.W.2d 326 (1960).

■ The appellant also insists that the contract did not grant to appellee an absolute right to purchase, but only granted the right of "first refusal" to purchase in the event the appellant chose to sell. The pertinent portion of the contract provides:

12. In the event LESSOR shall die during the original term of this lease or should she die during any of the extended terms of this lease, LESSEE shall be given first option to purchase said premises; provided, LESSEE shall notify LESSOR's representative of its intention to purchase said premises within six (6) months from the death of LESSOR. The purchase price of said premises shall be determined by two (2) disinterested appraisers, one of whom shall be selected by LESSOR's representative and one of whom shall be selected by LESSEE. Said appraisers shall appraise said premises and arrive at a purchase price. In the event said appraisers are unable to agree upon a purchase price for said premises, then in that event, said appraisers shall select a third appraiser who shall then decide upon a purchase price for said premises. LESSEE shall have one (1) year from the date of LESSOR's death within which to close the purchase of said premises.

We agree with the trial judge that the contract gave the appellee an option and not a mere right of "first refusal." The trial judge said:

In the instant case, it seems to the Court that the circumstances that the lessee (petitioner) had leased this property for over forty years, that the lessor did not want to sell, that this provision took effect only upon lessor's death and that detailed provisions are made for the method of determining the value of the property, it seems to the Court that these circumstances would tend to support a conclusion similar to that reached by the Supreme Court of Missouri in said case of *Powell v. Kennedy, Executrix,* [463 S.W.2d 802 (1971)].

In the case of *Steen v. Rustad,* 132 Mont. 96, 313 P.2d 1014, the Supreme Court of Montana held that a lease provision giving the tenant "first option to buy", the tenant was given the exclusive option to buy in view of the entire language of the lease agreement.

---

**2.** Had the rule been complied with, the appellee could have corrected any misjoinder or nonjoinder by amendment.

In the case of *Hake v. Groff*, 232 Mich. 233, 205 N.W. 145, the Supreme Court of Michigan held that, in construing option agreement in a lease, courts may properly refer to the situation of the parties and the circumstances and conditions under which the contract of lease was made.

In view of the foregoing authorities, it is the opinion of the Court that the respondent's position that the provision in paragraph 12 of the lease did not create an option to purchase is not tenable.

Finally, the appellant complains of the action of the trial judge in adjudging:

It is further the conclusion and opinion of the Court that petitioner is entitled to credit on the purchase price in the amount of rent payments made under the lease commencing with the month of May, 1975, less property taxes paid by lessor or respondent from and after May, 1975, being the first full month following the date on which petitioner notified respondent that it desired to exercise its option.

 We think that this adjudication is correct. When the option was exercised by the appellee, the lease and all of its incidents, including the obligation to pay rent, was blotted out of existence, and the relation of vendor and vendee was created. The appellee had an equitable interest in the land and equitable title passed to it, subject to the payment of the purchase price. *Chapman Drug Company v. Chapman*, 207 Tenn. 502, 341 S.W.2d 392 (Tenn. 1960). The appellant lost interest on the proceeds of the sale as a result of his refusal to comply with the terms of the contract; for this, he cannot complain. We find no error.

All assignments are overruled. Costs are adjudged against the appellant.

MATHERNE and SUMMERS, JJ., concur.