**G. Kent WUNDERLICH,
Plaintiff–Appellee,**

v.

**William E. FORTAS, Estate of Pauline S. Fortas, and Camelot Manor Apartments, a Tennessee Limited Partnership, Defendants–Appellants.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

April 14, 1989.

Application for Permission to Appeal
Denied by Supreme Court
July 31, 1989.

**954**

Michael F. Pleasants, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, P.C., Memphis, for plaintiff-appellee.

William B. Seligstein, Wagerman and Seligstein, Memphis, for defendant-appellant Estate of Pauline S. Fortas.

FARMER, Judge.

This appeal arises from appellee's action seeking declaratory relief regarding the ownership of a partnership interest in Camelot Manor Apartments.

The events leading up to the request for declaratory judgment are as follows: Defendant William Fortas was a lawyer practicing in Tennessee in the area of real estate closings. Due to some improprieties involving many of these closings, Mr. Fortas and his wife, Arlene Fortas, entered into an agreement with the title companies he had represented which required him to assign all his assets to plaintiff, Kent Wunderlich, as assignee for the benefit of the title companies. After this assignment, Mr. Fortas undertook to transfer his former interest in the Camelot Manor Apartments to his mother, Defendant Pauline S. Fortas, for the sum of $15,000.00.

Plaintiff sought to have this transaction declared void *ab initio* and named William Fortas, Pauline Fortas and Camelot Manor Apartments as defendants. During the pendency of the proceedings, Pauline Fortas died and, pursuant to T.R.Civ.P. 25.01, a suggestion of her death was entered upon the record on November 19, 1985. A consent order was entered on February 21, 1986 substituting the Estate of Pauline Fortas as a party defendant in place of the decedent. Neither party filed a copy of the order of substitution with the Probate Court of Shelby County in which her estate was being administered. The action proceeded to trial which was held over the course of several non-consecutive days beginning June 2, 1986 and ending July 18, 1986. Final judgment in favor of plaintiff was entered May 7, 1987. The Estate of Pauline Fortas' motion for a new trial was filed June 1, 1987. Also on that date, the Estate moved the court to clarify the final decree or, alternatively, for further findings of fact; and to alter or amend the judgment pursuant to Rule 59, T.R.Civ.P. All of these post-trial motions were denied on August 3, 1987.

Defendant, the Estate of Pauline Fortas, is the only party appealing the trial court's decision. The defendant Estate moved this

Court, pursuant to T.R.A.P. 14, to consider certain post-judgment facts and to dismiss the case as to the Estate. This motion was originally denied by this Court. However, after further consideration, this Court determined that the post-judgment facts submitted for consideration seriously question the existence of subject matter jurisdiction. These facts were presented in the trial court in the form of a petition for further relief which was denied because it was not timely. T.R.A.P. 13(b) provides however that this court "shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review...." Therefore, this Court, pursuant to T.R.A.P. 14, granted defendant's motion and ordered that the record be so supplemented.

The post-judgment facts presented by the Estate consist of an "Order on Petition to Determine Validity of Claim" entered in the Probate Court of Shelby County where the estate is being administered. This order states:

This cause came to be heard on the 28th day of July, 1987, before the Honorable Joseph W. Evans, Judge of Part II of the Probate Courts of Shelby County, Tennessee, upon Petition to determine validity of "Claim", and upon Statements of Counsel for the Petitioner and the Counsel for Kent Wunderlich, Assignee, and the entire record of this cause, from all of which it appears to the Court that any "Claim" made by Kent Wunderlich, Assignee, with regard to the pending Chancery Court action during Docket Number 88342-2, should be forever barred against the Estate of Pauline S. Fortas, since the Plaintiff in that lawsuit failed to properly revive said action in the Probate Court of Shelby County, Tennessee:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that any and all "Claims" made by Kent Wunderlich, Assignee with regard to Chancery Court Docket Number 88342-2, pending in the Chancery Courts of Shelby County, Tennessee, be and the same is forever barred against the Estate of Pauline Fortas, and that said action

should be and the same is hereby abated since this cause was not properly revived in the Probate Court of Shelby County, Tennessee.

The Estate contends that the trial court lacked subject matter jurisdiction over the Estate because the plaintiff failed to file a copy of the consent order on Motion for Substitution of Parties with the probate court pursuant to T.C.A. § 30–2–320 which provides:

All actions pending against any person at the time of his death, which by law may survive against the personal representative, shall be considered demands legally filed against such estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order or [sic] revivor, one (1) of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending actions not so revived against the personal representative within six (6) months from the date of notice to creditors shall, at the expiration of that period, abate.

Our Supreme Court considered this statute in *Windsor Hosiery Mills, Inc. v. Haren*, 222 Tenn. 479, 437 S.W.2d 248 (1969). In that case, the court held that two requirements must be met in order to comply with T.C.A. § 30–2–320:

Revivor in the Court where the action is pending and the filing of the copy of the order of revivor in the probate proceedings within the period of nine months from the date of publication applicable to all other claims.

*Haren*, 437 S.W.2d at 250. This statute has been amended reducing the time period from nine months to six months. Also since that decision, the "order of revivor" referred to in the statute has been changed to an "order of substitution of parties" obtained on motion of either party pursuant to T.R.Civ.P. 25. However, neither of these changes materially affect the court's interpretation of T.C.A. § 30–2–320.

The appellee argues that T.C.A. § 30–2–320 is not applicable to the case at

hand because it is a suit for declaratory judgment. It is well settled that T.C.A. § 30–2–320 and related statutes are not applicable to actions sounding in tort. *Estate of Patten v. Batchelor,* 664 S.W.2d 698 (Tenn.App.1983). *See also Herring v. Estate of Tollett,* 550 S.W.2d 660 (Tenn. 1977); *Collins v. Ruffner,* 185 Tenn. 290, 206 S.W.2d 298 (1947); 2 Pritchard *Wills and Estates* § 758. As a general rule, these statutes are applicable to actions arising from contract, although some exceptions to this rule exist. *See Wright v. Universal Tire, Inc.,* 577 S.W.2d 194 (Tenn. App.1978) (holding statute inapplicable to suits for specific performance); *Coin Automatic Co., Inc. v. Estate of Dixon,* 213 Tenn. 311, 375 S.W.2d 858 (1963) (holding statute inapplicable to suit for damages arising from breach of a covenant not to compete). However, the question of whether § 30–2–320 is applicable to an action for declaratory judgment appears to be one of first impression in this state.

■ Declaratory relief was authorized by the Legislature with the passage of the Uniform Declaratory Judgment Act, codified at T.C.A. §§ 29–14–101 through 113 and is also governed by T.R.Civ.P. 57. The primary purpose of this Act is "to settle and afford relief from uncertainty and insecurity with respect to right, status, and other legal relations." *Snow v. Pearman,* 222 Tenn. 458, 436 S.W.2d 861, 863 (1968). See generally Gibson's, *Suits in Chancery* (6th ed.1982) §§ 545–554, pp. 595–606. The power to grant declaratory relief lies in the sound discretion of the trial court. *Newsum v. Interstate Realty Co.,* 152 Tenn. 302, 278 S.W. 56 (1925). Although provision is made for the determination of factual issues, T.C.A. § 29–14–108, declaratory relief may be denied when disputed facts exist. *Standard Accident Insurance Co. v. Carvin,* 217 Tenn. 662, 400 S.W.2d 235 (1966). Except under limited circumstances, "[a] declaratory judgment may not be had adjudicating defendant guilty of a tort...." 26 C.J.S. *Declaratory Judgments,* § 32, p. 110.

In order to determine whether T.C.A. § 30–2–320 applies to this action for declaratory relief, it is also necessary to consider the rationale of the decisions interpreting these statutes. Actions may be outside the scope of § 30–2–320 for several reasons. First, a tort claimant is not a creditor as contemplated by the statute until he has obtained a judgment. *Herring v. Estate of Tollett,* 550 S.W.2d at 662. Tort claims are uncertain and unknown until a pecuniary value is set by a court. For the same reason, suits for breach of covenant not to compete are not within the statute. *Coin Automatic Co., Inc. v. Dixon's Estate,* 375 S.W.2d at 861–2.

■ Thus it is clear that the applicability of § 30–2–320 to actions for declaratory relief may be determined only after consideration of the complaint. The complaint on its face does not allege any tortious conduct on the part of defendant, Pauline Fortas. Only a declaration that defendant William Fortas had no interest in the property to transfer and that plaintiff-assignee is "a substituted limited partner admitted to all of the rights of William E. Fortas ... in and to the Camelot Manor Apartments...." was requested. No finding of tortious conduct on the part of Pauline Fortas is necessary for such a declaration. *See Creach v. Ralph Nichols Co.,* 37 Tenn. App. 586, 267 S.W.2d 132 (1954). The complaint does not sound in tort as to Pauline Fortas nor does it seek unliquidated damages or specific performance. The term "claim" as used in T.C.A. § 30–2–307 refers to debts or demands against the decedent which might have been enforced by personal actions for the recovery of money. *Wright v. Universal Tire, Inc., supra.* Judgment was entered against the Estate for rents and profits received from the time of the transfer. Because this action constitutes a claim against the estate, does not sound in tort as to Pauline Fortas and does not seek unliquidated damages, the plaintiff was required to comply with T.C.A. § 30–2–320.

■ In the case at hand, the record reflects that notice to creditors was first made on October 24, 1985. Therefore, the last day to file a copy of the order substituting the Estate for decedent was on or

about April 24, 1986. The order of the probate court notes that plaintiff failed "to properly revive" the action, therefore it follows that a copy of the substitution order was not filed with the probate court. Since the plaintiff failed to comply with the requirements of § 30–2–320, this Court must dismiss the action with respect to the Estate of Pauline Fortas.

The plaintiff argues that the Estate's motion must be denied because the issue was not put before the trial court in a timely fashion. The statute was set in motion on October 24, 1985 by the filing of the first notice to creditors eventually barring the plaintiff's claims on or about April 24, 1986. The trial court was not apprised of this fact until August, 1987 subsequent to the trial, final judgment and post-trial motions and rulings thereon. It is unfortunate that the Estate delayed so long in putting this matter before the trial court. However, T.C.A. § 30–2–320 is a general statute of limitations or non-claim statute. *Woods v. Palmer,* 496 S.W.2d 474 (Tenn. 1973). Thus its requirements are mandatory and jurisdictional. *Windsor Hosiery,* 437 S.W.2d at 251. *See also Alamo Development Corp. v. Thomas,* 186 Tenn. 631, 212 S.W.2d 606 (1948). Subject matter jurisdiction may never be waived and the lack thereof may be challenged at any stage of the proceedings. *See Davis v. Mitchell,* 27 Tenn.App. 182, 178 S.W.2d 889 (1944). In fact, this Court is required to consider the subject matter jurisdiction of both this Court and the trial court regardless of whether the existence thereof is presented as an issue. *See* T.R.A.P. 13(b). Therefore, the Estate's delay in presenting the issue could not constitute a waiver of the court's lack of jurisdiction over this matter.

Because both the trial court and this Court lack jurisdiction with respect to the Estate of Pauline Fortas, the judgment of the trial court is reversed and this case is dismissed as to the Estate of Pauline Fortas. Costs of this appeal are taxed to appellant, for which execution may issue if necessary.

TOMLIN, P.J. (W.S), and HIGHERS, J., concur.