IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2025 Session

## DENNIS N. ETHEREDGE ET AL. v. ESTATE OF DORIS ETHEREDGE

**Appeal from the Chancery Court for Putnam County**
**No. 2019-49  Ronald Thurman, Chancellor**

————————————————————

**No. M2024-00916-COA-R3-CV**

————————————————————

This is the second appeal arising from this declaratory judgment action. The defendant died during the pendency of this action. After a suggestion of the defendant's death was filed with the trial court, the defendant's probate estate was substituted as the defendant. More than one year after the defendant's death, the defendant's estate filed a motion to dismiss on the ground the plaintiffs failed to properly revive the action against the defendant's estate as required by Tennessee Code Annotated § 30-2-320. The trial court agreed and dismissed the action on the ground the plaintiffs did not follow the procedures of Tennessee Code Annotated § 30-2-320 because they filed "neither an order of revivor nor the complaint [from] this case in the Decedent's probate proceeding, *In re Estate of Doris Etheredge*, Putnam Co. Probate Court No. 20739 at any time, much less within one (1) year of the Decedent's date of death." We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Charles Michels, Nashville, Tennessee, for the appellants, Larry Etheredge, Dennis N. Etheredge, Evelyn Charlotte Crane, Cinde Etheredge Lucas, and Tammy Etheredge.

Henry D. Fincher, Cookeville, Tennessee, for the appellee, Estate of Doris Etheredge.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In 1989, Nathan Etheredge and his wife, Doris Etheredge, entered into a postnuptial agreement ("the Agreement") that would control the disposition of each of their estates.[1] It specifically required that each party execute separate wills leaving "substantially all of their respective property" to the survivor, then the survivor "shall devise substantially all of his or her property owned at death, together with . . . the property received from his or her predeceased spouse . . . to be divided equally between the parties' children in equal shares." Thus, the Agreement required the first to die of Nathan Etheredge and Doris Etheredge to leave his or her estate to the survivor, and then upon the survivor's death, to divide the estate of the survivor evenly, with each of Nathan Etheredge's five biological children receiving one seventh of the estate and each of Doris Etheredge's two biological children receiving one seventh of the estate. By its own terms, the agreement was "irrevocable in the absence of a separate written agreement between the parties that specifically revoke[d]" the Agreement.

While Mr. Etheredge incorporated the Agreement into his 2003 will, he did not incorporate it into his 2015 will ("2015 Will"), which expressly excluded all of his children as beneficiaries. Mr. Etheredge died in April 2018, and his 2015 Will was admitted to probate.

On March 18, 2019, Mr. Etheredge's five children ("Plaintiffs"), as named beneficiaries of the Agreement, filed a complaint for declaratory judgment against Doris Etheredge requesting that the trial court determine that the Agreement was valid and enforceable and "that the 2015 Will is subject to the terms and conditions of the 1989 Agreement to Devise Property." Because the Agreement prohibits the surviving spouse from committing waste, Plaintiffs requested that, upon determining that the Agreement governs the disposition of Nathan Etheredge's estate, that Doris Etheredge be required to file an accounting of all of her assets. Doris Etheredge died on January 9, 2021, while the case was pending in the trial court, and her estate was substituted as the defendant.

Plaintiffs and the Estate of Doris Etheredge ("Defendant") then filed cross motions for summary judgment. After a hearing, the trial court granted Plaintiffs' motion for summary judgment and denied Defendant's, finding that the Agreement had not been revoked and held that the Agreement controls the disposition of Mr. and Ms. Etheredge's property that is subject to the Agreement.

Defendant appealed, and this court issued its opinion on August 22, 2023, vacating the trial court's grant of summary judgment and remanding for a determination of whether

---

[1] The Agreement was executed by Nathan and Doris Etheredge and notarized.

the Agreement was "knowledgeably entered into by Husband and Wife." *Etheredge v. Est. of Etheredge*, No. M2022-00451-COA-R3-CV, 2023 WL 5367681, at \*3 (Tenn. Ct. App. Aug. 22, 2023).

In the trial court on remand, Defendant filed a motion to dismiss the complaint "for lack of subject matter jurisdiction . . . due to the failure of the Plaintiffs to properly revive their claim against the Estate of Doris Etheredge." After a hearing, the trial court, in its May 30, 2024 order, granted Defendant's motion to dismiss. The court reasoned:

> It is . . . undisputed Plaintiffs did not follow the procedures of T.C.A. § 30-2-320. Plaintiffs filed neither an order of revivor nor the complaint [from] this case in the Decedent's probate proceeding, *In re Estate of Doris Etheredge*, Putnam Co. Probate Court No. 20739 at any time, much less within one (1) year of the Decedent's date of death.

The trial court then dismissed the action with prejudice "as it was not, and now cannot, be properly revived."

This appeal followed.

## ISSUES

Plaintiffs raised the following issues on appeal which we have consolidated and restated as follows:

1. Whether the trial court erred in ruling that Plaintiffs' complaint to determine whether the disposition of Nathan Etheredge's estate is subject to the Agreement is required to be filed as a claim against Doris Etheredge's Estate.

2. Whether the trial court erred in ruling that Plaintiffs' complaint to determine whether the Agreement governs the disposition of Nathan Etheredge's estate is a suit for the recovery of money arising out of a breach of contract by Doris Etheredge.

3. Whether the trial court erred in ruling that the specific performance exception to revivor does not apply to Plaintiffs' complaint to determine whether the disposition of Nathan Etheredge's estate is subject to the Agreement.

4. Whether the trial court erred in ruling that a failure to comply with Tennessee Code Annotated § 30-2-320 terminates a court's subject matter jurisdiction over a pending complaint.

5. Whether the trial court erred in dismissing Plaintiffs' complaint with prejudice for lack of subject matter jurisdiction.

Defendant raised the following issues on appeal, which we have consolidated and restated as follows:

1. Whether the trial court properly dismissed Plaintiffs' case because they failed to revive their claim as required by Tennessee Code Annotated § 30-2-320?

2. Was the trial court correct in applying the holdings in the reported, non-overruled cases of *Mid-S. Pavers v. Arnco Const. Co.*, 771 S.W.2d 420 (Tenn. Ct. App. 1989), *Windsor Hosiery Mills, Inc. v. Haren*, 437 S.W.2d 248 (Tenn. 1969) and *Wunderlich v. Fortas*, 776 S.W.2d 953 (Tenn. Ct. App. 1989)?

3. Did the trial court correctly determine that the revivor requirements of Tennessee Code Annotated § 30-2-320 were "mandatory and jurisdictional" as held in *Windsor Hosiery Mills*, 437 S.W.2d at 250, *Wunderlich*, 776 S.W.2d at 957, and other reported cases?

4. Does *Estate of Brown*, 402 S.W.3d 193 (Tenn. 2013), which does not discuss revivor, did not have one of the parties die during the pendency of the action, and had a holding limited to facts not at issue in this case, have any application to this case?

5. Should the 12-month bar and revivor statute control over the 6-year contract statute of limitations?

## STANDARD OF REVIEW

The standard applicable to our review of a motion to dismiss based on lack of subject matter jurisdiction is as follows:

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

*Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Nelson v. Wal–Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999)).

- 4 -

Similarly, our standard of review of legal issues, such as statutory interpretation, is de novo. *Moore v. Town of Collierville*, 124 S.W.3d 93, 97 (Tenn. 2004) (citing *Tucker v. Foamex, LP,* 31 S.W.3d 241, 242 (Tenn. 2000)).

## ANALYSIS

### I. REVIVOR STATUTE

The gravamen of this declaratory judgment action is a breach of contract claim. Tennessee law allows for the survival of breach of contract actions when a party dies during the litigation. The applicable statute reads "No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived[.]" Tenn. Code Ann. § 20-5-102.

The process for reviving a claim is covered under § 30-2-320 (the "Revivor Statute") in the Tennessee Code:

> All actions pending against any person at the time of that person's death, that by law may survive against the personal representative, shall be considered demands legally filed against the estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order of revivor, one (1) of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending actions not so revived against the personal representative within the period prescribed in § 30-2-307(a) shall abate.

Tenn. Code. Ann. § 30-2-320.

The Revivor Statute was enacted into law in 1939 as a part of a larger package of reforms governing proper administration of estates, sometimes referred to as "the Acts of 1939." *Cooper's Estate v. Keathley*, 177 S.W.2d 356, 358 (Tenn. Ct. App. 1943). Commenting on revivor, the Tennessee Supreme Court wrote that "the language of the 1939 statute is sweeping" and "requir[es] prompt filing of claims against estates of deceased persons." *Minton's Estate v. Markham*, 625 S.W.2d 260, 262–63 (Tenn. 1981). Thus, revivor is necessary "in order to perfect the alleged cause of action as a legally filed demand." 2 *Pritchard on the Law of Wills and Admin of Estates* § 735 (2025). And one of the requirements of revivor is that "a copy of the order of revivor or substitution of parties must be filed in duplicate with the clerk of the court in which the estate is being administered within the period prescribed by T.C.A. § 30-2-307(a). . . . Pending actions not so revived against the personal representative within the statutory period will abate at the end of that period." *Id.*

- 5 -

The Revivor Statute is in accord with Rule 25.01 of the Tennessee Code of Civil Procedure, which covers substitution of parties. "Revivor of an action requires not only an order for substitution pursuant to Tenn. R. Civ. P. 25.01, but also the filing of a copy of that order with the clerk of the court in which the estate of the deceased party is being administered." 4 Nancy Fraas Mclean, *Tenn. Prac. R. of Civ. Proc. Ann.* § AC 25.5 (5th ed. 2022).

Declaring the Revivor Statute to be "good, valid, and binding law in this state," this court stated that the proper procedure "requires first, entering an order of substitution of parties and second, filing a copy of that order with the clerk of the court in which the estate of the deceased party is being administered." *Mid-S. Pavers*, 771 S.W.2d at 423.

Additional case law underscores the importance of the Revivor Statute's two-step process. In *Windsor Hosiery Mills*, the Supreme Court took up "whether in a case where suit has been revived against a decedent estate within nine months after publication notice to creditors a copy of the order of revivor must also be filed with the County Court Clerk within that period."[2] 437 S.W.2d at 249. The court held that two steps were needed to preserve a claim: filing in the court where the action was pending and filing in the probate proceeding. *Id*. at 250. And the failure to make one of the two required filings was fatal to the plaintiff's claims. *Id*.

Although revivor is well-established in our jurisprudence, "this area of the law is fraught with confusion." *Mid-S. Pavers*, 771 S.W.2d at 421. Exceptions to the statute's broad and inclusive language, applying its mandates to "all actions," have been made for actions including pending tort claims, non-compete actions, and specific performance. Nonetheless, we reiterate that the Revivor Statute is "good, valid, and binding" law in cases where a party dies during litigation. *Id.* at 423.

Recognizing that revivor is generally required in "all actions" in which the defendant dies during litigation, subject to certain recognized exceptions, *id*., we will examine Plaintiffs' arguments that the Revivor Statute does not apply in this case.

A. Revivor Requirements and Exceptions

Plaintiffs argue that their complaint for a declaratory action is exempt from the Revivor Statute because it does not seek monetary relief, but is instead an action for specific performance, which is an exception to the Revivor Statute.

---

[2] The legislature has changed the time limit in this statute over the years. At the time of the *Windsor* ruling, the limit was nine months. Currently, it is one year. Tenn. Code Ann. § 30-2-307(a).

Unlike contract actions for money damages, actions for specific performance are not subject to the Revivor Statute. *See Wright v. Universal Tire, Inc.*, 577 S.W.2d 194, 196 (Tenn. Ct. App. 1978). As *Wright* explains, the Revivor Statute "does not include an action for specific performance but refers to debts or demands against the decedent which might have been enforced by personal actions for the recovery of money." *Id.*

Here, however, the complaint for declaratory judgment does not explicitly request specific performance. Instead, it seeks a declaration that the Agreement is valid and that the 2015 Will is subject to the Agreement. It also requests a full accounting of the estate by Doris Etheredge.

Plaintiffs would also exempt their claim from the Revivor Statute because judicial precedent in Tennessee holds that a breach of contract to create a will is enforced by specific performance. *Ashley v. Volz*, 404 S.W.2d 239, 241 (1966). However, that is not the relief sought in the complaint at bar. Instead, Plaintiffs seek a declaration pursuant to the Declaratory Judgment Act (Tenn. Code Ann. §§ 29-14-101 to -113) that the Agreement is valid and enforceable.

Section 102(a) of the Declaratory Judgment Act grants courts "the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed" by issuing declaratory judgments. The Tennessee Supreme Court has held that "a complaint for a declaratory judgment asks a court to 'proclaim the rights of the litigants **without ordering execution or performance**.'" *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837 (Tenn. 2008) (citing 26 C.J.S. *Declaratory Judgments* § 1 (2001)) (emphasis added). Given the court's clear and unambiguous language, holding that a declaratory judgment does not order performance by the parties, Plaintiffs' complaint for declaratory judgment is distinguishable from a request for specific performance.

Additionally, this court's decision in *Wunderlich* addresses whether a complaint requesting a declaratory judgment is subject to the Revivor Statute. 776 S.W.2d at 956. The plaintiff, Kent Wunderlich, brought a declaratory action against the defendant, William Fortas, after he allegedly breached his agreement to assign all his assets, including the Camelot Manor Apartments, to Mr. Wunderlich. *Id.* at 954. Instead of honoring the agreement, Mr. Fortas transferred his interest in the apartments to his mother, Pauline Fortas. Mr. Wunderlich sought a declaratory action that the transaction between Mr. Fortas and his mother was void ab initio. While the proceedings were ongoing, Pauline Fortas died. Her estate was substituted as a defendant in the case, but an order of revivor was not filed. Consequently, Mr. Wunderlich's case against the mother's estate was declared "forever barred" because he "failed to properly revive" his claim. *Id.* at 955.

We also acknowledge Plaintiffs' attempt to distinguish this case from *Wright* because the claims against the defendants in *Wright* were for monetary damages, "rents and profits," while Plaintiffs are not seeking monetary damages. As mentioned above,

*Wright* held that the Revivor Statute applied to, inter alia, "debts or demands against the decedent which might have been enforced by personal actions for the recovery of money, upon which only a money judgment could have been rendered." *Wright,* 577 S.W.2d at 196. We find Plaintiffs' reliance on this quote misplaced because *Wright* does not limit the Revivor Statute to claims for a money judgment. Moreover, *Wright* only excludes specific performance from the revivor requirements, concluding that claims for specific performance are better suited to be brought against the heirs acquiring property by will. *Id*. Thus, Plaintiffs' reliance on *Wright* is misplaced.

Furthermore, and more on point, *Wunderlich*, decided 10 years after *Wright*, recognizes that declaratory judgments are subject to the Revivor Statute. While an award of money may have been Mr. Wunderlich's goal, the relief sought in the complaint was for declaratory judgment, *see Wunderlich*, 776 S.W.2d at 954, to declare the respective rights of the parties, just like Plaintiffs' complaint in the case at bar. *Wunderlich* made it clear that the plaintiff was seeking "only a declaration that defendant William Fortas had no interest in the property to transfer and that plaintiff-assignee is 'a substituted limited partner admitted to all of the rights of William E. Fortas . . . in and to the Camelot Manor Apartments.'" 776 S.W.2d at 956. Thus, the court held that "the plaintiff was required to comply with [the Revivor Statute] T.C.A. 30-2-320." *Id*.

Next, we look to the plain language of the statute, imposing revivor requirements on "all actions pending against any person at the time of that person's death, that by law may survive against the personal representative." Tenn. Code Ann. § 30-2-320. The phrase "all actions" suggests that the law should be construed broadly, with the burden to show an exception on the requestor. Had the legislature wished to reserve revivor for only money judgments, they could have written the law more narrowly to achieve this result.

Notably, tort claims and non-compete agreement disputes are exempted from the Revivor Statute. "Our courts have held in numerous cases that the [Revivor Statute] does not apply to actions sounding in tort." *Estate of Patten v. Batchelor*, 664 S.W.2d 698, 700 (Tenn. Ct. App. 1983) (citations omitted). Under the Revivor Statute, "a tort claimant is not a creditor . . . until he has obtained a judgment. Tort claims are uncertain and unknown until a pecuniary value is set by a court." *Wunderlich*, 776 S.W.2d at 956 (citation modified). A breach of a non-compete is exempted for the same reason, namely, that damages are "generally uncertain, remote, and speculative." *Coin Automatic Co. v. Dixon's Estate*, 375 S.W.2d 858, 861 (Tenn. 1963). Here, Plaintiffs' claim is not a tort claim, nor does it relate to non-competes. Moreover, the claim for declaratory judgment was not general or speculative. Thus, it does not fall outside the revivor statute by reason of overly speculative damages.

Finally, the Revivor Statute "must be read in light of the interpretative gloss given the entire Act by prior decisions." *Estate of Patten v. Batchelor*, 664 S.W.2d at 700. Considering *Wunderlich*'s explicit inclusion of declaratory judgment actions, the plain

language of the statute, and relevant cases' explication of the issue, we conclude that Plaintiffs' claim for declaratory judgment does not fall under an exception to the Revivor Statute.

## B. The Existence of a Claim at Time of Death

Plaintiffs also argue that they were not required to file a revivor because they had no claim against Doris Etheredge prior to her death, so there was effectively nothing to revive. While their claim pertained to Nathan Etheredge's will, Doris Etheredge is a defendant in this action because she was a party to the Agreement that is at issue here. Once again, *Wunderlich* is instructive. There, William Fortas was named as a defendant, due to his alleged breach of his agreement to assign his assets to Kent Wunderlich. *Wunderlich*, 776 S.W.2d at 954. But Mr. Fortas's mother, Pauline Fortas, was also named as a defendant, because Mr. Fortas assigned Camelot Manor apartments to her, rather than Mr. Wunderlich. *Id*. As here, Ms. Fortas died during the litigation. *Id. Wunderlich* held that an order of revivor was necessary against the estate of Ms. Fortas, and without the revivor, the court was deprived of subject matter jurisdiction. *Id.* at 957.

Like *Wunderlich*, the claim asserted in Plaintiffs' complaint was for declaratory judgment. As in *Wunderlich*, like Ms. Fortas, Ms. Etheredge was a named defendant in the declaratory judgment action when she died. *Id.* at 954. Based on these facts the *Wunderlich* court ruled that revivor was required. Thus, here, Plaintiffs were required to revive their claim against Ms. Etheredge.

## II. SUBJECT MATTER JURISDICTION

In addition to barring untimely claims, the requirements of the Revivor Statute implicate the court's subject matter jurisdiction to hear the case. "Statutory enactment[s] . . . denominated as a nonclaim or administrative statute for the orderly, expeditious, and exact settlement of estates of decedents . . . are jurisdictional." *Alamo Dev. Corp. v. Thomas*, 212 S.W.2d 606, 607 (1948). "[The Revivor Statute] is a general statute of limitations or 'non-claim' statute.[3] Thus, its requirements are mandatory and

---

[3] Holding Tennessee Code Annotated § 30-2-307 to be a nonclaim statute, *Bowden v. Ward*, 27 S.W.3d 913 (Tenn. 2000) concluded, "Statutory enactments barring claims which are filed against an estate beyond a certain time period frequently are referred to as 'nonclaim' statutes." American Jurisprudence, 2d, defines nonclaim statutes as follows:

> A nonclaim statute is a self-contained statute that prohibits absolutely the initiation of
> litigation after a specific period of time . . . . The purpose of nonclaim statutes is to impose
> a condition precedent to the enforcement of the right of action for the benefit of the party
> against whom the claim is made. Nonclaim statutes create an absolute bar to recovery or

jurisdictional." *Wunderlich*, 776 S.W.2d at 957 (citing *Woods v. Palmer*, 496 S.W.2d 474 (Tenn. 1973)). "Statutes of this kind are jurisdictional." *Windsor Hosiery Mills*, 437 S.W.2d at 251. "To the extent that requirements of T.C.A. § 30-2-320 were jurisdictional prior to adoption of the T. R. Civ. P., they are jurisdictional now." *Mid-S. Pavers*, 771 S.W.2d at 423. The foregoing show that the Revivor Statute is both a statute of limitations and a prerequisite for jurisdiction over the matter. Because precedent holds the Revivor Statute to be jurisdictional, without a timely filed order of revivor, a court will lack subject matter jurisdiction. Under Tennessee Code Annotated § 30-2-307, the jurisdictional time limit to file the revivor in this case was one year from the date of Ms. Etheredge's death, which deadline passed before the estate of Ms. Etheredge filed its motion to dismiss for lack of subject matter jurisdiction.

For completeness we note that Plaintiffs rely on *Estate of Brown*, 402 S.W.3d 193 (Tenn. 2013). While *Brown* comments on Tennessee Code Annotated § 30-2-307(a) and its time limitation on claims filed after a decedent's death, the Revivor Statute was not at issue in *Brown*. Furthermore, the facts in *Brown* are distinct from the instant case; significantly, no party died during the pendency of litigation in *Brown*.

Relying upon the reasoning in *Windsor Hosiery Mills*, *Mid-S. Pavers*, and *Wunderlich*, we conclude that the Revivor Statute is jurisdictional. *See Alamo Dev. Corp.*, 212 S.W.2d at 607; *Windsor Hosiery Mills*, 437 S.W.2d at 251; *Mid-S. Pavers*, 771 S.W.2d at 423; *Wunderlich*, 776 S.W.2d at 957.

### III. DISMISSAL WITH PREJUDICE

The trial court dismissed Plaintiffs' claims with prejudice because the action "was not, and now cannot, be properly revived." Because the failure to comply with the Revivor Statute bars Plaintiffs from pursuing this action any further, which constitutes an adjudication on the merits, we affirm the trial court's decision to dismiss this action with prejudice.

### IN CONCLUSION

The judgment of the trial court is affirmed in all respects. Costs of appeal are assessed against Plaintiffs/Appellants, Larry Etheredge, Dennis N. Etheredge, Evelyn Charlotte Crane, Cinde Etheredge Lucas, and Tammy Etheredge.

---

destroy the claim for relief itself; therefore, noncompliance with nonclaim statutes deprives a court of subject matter jurisdiction.

51 Am. Jur. 2d *Limitation of Actions* § 3 (2025).

_____
FRANK G. CLEMENT JR., P.J., M.S.