WINDSOR HOSIERY MILL, INC., Plaintiff in Error,

*v.*

ED HAREN, d/b/a Etowah Heating Company,
Defendant in Error.

413 S.W.2d 676.

(*Knoxville,* September Term, 1966.)

Opinion filed March 1, 1967.

Petition for Rehearing Denied April 20, 1967.

ALVIN Y. BELL, of counsel, NOONE, MOSELEY & BELL,
Chattanooga, for plaintiff in error.

CHARLES C. GUINN, Etowah, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal by plaintiff in error (Windsor Hosiery Mills, Inc.,) from the action of the trial judge in sustaining a demurrer to their declaration alleging damages for breach of contract.

On 30 July 1962 Windsor Hosiery Company, a partnership entered into a contract with Ed Haren, d/b/a Etowah Heating Company whereby Haren was to make certain improvements to real estate owned by Windsor Hosiery Company.

On 15 August 1962 Windsor Hosiery Company, Inc. was chartered as a Tennessee corporation. On 28 August 1962 the partnership, Windsor Hosiery Company, conveyed to this corporation Windsor Hosiery Company, Inc. by bill of sale all the assets of the partnership. The pertinent language used was "all of our right, title and interest in and to the Windsor Hosiery Company, a partnership and subject to all the liabilities of said partnership." The partnership, on this same day, also conveyed to the corporation by warranty deed certain real estate in McMinn County. On 25 September 1962, by charter amendment, the name of the corporation was changed to Windsor Hosiery Mills, Inc. On 9 October 1962 the charter of this corporation was registered in McMinn County.

On 30 June 1964 Windsor Hosiery Mills, Inc. sued Ed Haren for damages resulting from an alleged breach of the contract entered into between Ed Haren and the partnership, Windsor Hosiery Company, on 30 July 1962. Upon demurrer the trial judge in sustaining the demurrer held:

> * * * this plaintiff did not come into existence as a corporation until October 9, 1962. Prior to that date, it had no existence whatsoever, and could not, therefore, take title to any property and had no competence to do any other lawful act.

This cause is here on demurrer under which all facts well pleaded in the declaration, as amended, are admitted as well as all reasonable, legitimate and natural inferences to be drawn therefrom. *Foust v. Carney,* 205 Tenn. 604, 329 S.W.2d 826 (1958). The declaration, as amended, when tested under these rules, so far as pertinent to this appeal, alleges as follows:

That Saul T. Mallen, Barton L. Goldberg and Herbert Saphir formed a partnership to operate a certain business under the name of Windsor Hosiery Company. That in furtherance of this business the partnership entered into a contract with defendant Haren to improve certain real estate owned and used by the partnership in the partnership business. Later a corporation was formed with one of the partners as president and one a secretary, and all the assets of the partnership transferred to the corporation. In other words now the business is owned and operated by a corporation rather than a partnership. The corporation has now brought suit, in its own name, for damages flowing from alleged breach of a contract entered into by the partnership.

The Court of Civil Appeals of Texas in *Moore v. Dallas Post Card Co.*, 215 S.W.2d 398 (1948) said:

" 'Under the rule that one may sue upon a contract made for his benefit, a corporation may sue to enforce or recover damages for breach of a preorganization contract. And it would seem that the act of suing upon the contract is of itself an adoption of the contract, precluding any objection that the corporation may not sue upon it. What has been done by the promoters in furtherance of the transaction inures for the benefit of the corporation when formed.' "

The United States Court of Appeals for the District of Columbia in *Lucas v. Hamilton Realty Corp.*, 70 App. D.C. 277, 105 F.2d 800 (1939) said:

" * * * the corporation is generally said to 'adopt' the promoter's contract and thereby acquire rights * * * or incur liabilities. * * * The adoption of such a contract, however, does not necessarily involve an assignment, and it has been held that the corporation might adopt a contract made for its benefit and sue on it even though no assignment was possible. *Builders' Duntile Co. v. W. E. Dunn Manufacturing Co.*, 229 Ky. 569, 17 S.W.2d 715, 66 A.L.R. 1423."

Plaintiff in error by instituting this suit has adopted the contract entered into by the partnership, which contract, since the plaintiff in error has succeeded to all assets and liabilities of the partnership, was in fact made for the benefit of plaintiff in error; and plaintiff in error can sue in its own name for breach of the contract.

The defendant in error is in no way prejudiced by such a holding as the same defenses are available to him

in suit by the corporation as would have been in a suit by the partnership.

. The judgment of the trial court is reversed and the cause remanded.

BURNETT, CHIEF JUSTICE, and CHATTIN and CRÈSON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.

Opinion on Petition to Rehear

MR. JUSTICE DYER.

The defendant in error, Ed Haren, d/b/a Etowah Heating Company, has filed a petition to rehear. This petition does not present any new matter not already considered by the court in preparation of its original opinion. Under Rule 32, of this court, the petition to rehear is denied.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.