EDWARD LUPO, d/b/a EDWARD LUPO PLUMBING; CONNECTIONS ELECTRIC, INC.; HAROLD WATTS and MICHAEL SMITH, d/b/a WATTS & SMITH PLUMBING CONTRACTORS; and COMFORT MANAGEMENT HEATING & AIR CONDITIONING, INC., Plaintiffs,
v.
SHARE OF NORTH CAROLINA, INC., DYNACON DEVELOPMENT, INC., and WILLIAM WALLER, Defendants.
No. COA08-899
Court of Appeals of North Carolina.
Filed August 18, 2009
This case not for publication
Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiffs Connections Electric, Inc. and Walter Winchester.
No brief filed on behalf of plaintiffs-appellees Edward Lupo, Michael Smith, Harold Watts, and Comfort Management Heating & Air Conditioning, Inc.
Rightsell Eggleston, LLP, by Donald P. Eggleston, for defendants.
GEER, Judge.
Plaintiffs Connections Electric, Inc. and Walter Winchester appeal from the trial court's order granting summary judgment to defendants Share of North Carolina, Inc. ("SNC"), Dynacon Development, Inc., and William Waller on plaintiffs' breach of contract claim. While Connections Electric was not legally incorporated at the time Winchester, its CEO, entered into the contract with defendants, we hold that Connections Electric has submitted sufficient evidence that it subsequently adopted the contract, entitling it to sue for breach of contract. Because that was the sole issue disputed by the parties with respect to the summary judgment motion, we reverse the trial court's summary judgment order with respect to Connections Electric's breach of contract claim and remand for further proceedings. We uphold, however, the trial court's award of attorneys' fees to defendants under N.C. Gen. Stat. § 44A-35 (2007) and N.C. Gen. Stat. § 75-16.1 (2007), but remand for further findings of fact regarding the amount of the fee award.
The corporate defendants appeal from the trial court's order denying their motion for attorneys' fees against plaintiffs Michael Smith and Harold Watts. Individual defendant Waller also appeals the court's order denying his motion for attorneys' fees against plaintiffs Edward Lupo and Comfort Management Heating & Air Conditioning, Inc. Because, however, defendants failed to file an appellant's brief, we dismiss their appeal.

Facts
In 2006, SNC began developing land it owned in High Point, North Carolina. Waller, SNC's president and "primary contact for all contractors," employed Dynacon Development as the general contractor. Later in 2006, defendants entered into contracts with several subcontractors to do various construction work on the houses in the development. Specifically, defendants contracted with Edward Lupo Plumbing and Watts & Smith Plumbing to do plumbing work and with Comfort Management to do heating and air conditioning work. Winchester entered into a contract with defendants to do electrical subcontracting work on the houses. Winchester is the sole shareholder, president, and CEO of Connections Electric. While Winchester submitted evidence that he entered into the contract on behalf of Connections Electric, Connections Electric was not incorporated at the time the contract was signed and performed.
Although the timing is unclear, a dispute ultimately arose between plaintiffs and defendants regarding the quality of the work and the timeliness of payment under the contracts. Between 18 August 2006 and 9 November 2006, Winchester filed 12 claims of lien against SNC, stating that Connections Electric had performed the work that was the subject of each lien.
Plaintiffs filed a complaint on 3 January 2007, asserting claims for (1) breach of contract, (2) unfair and deceptive trade practices ("Chapter 75 claims"), (3) enforcement of subcontractors' liens ("Article 44A claims"), and (4) conversion of personal property. On 5 March 2007, plaintiffs filed an amended complaint adding as defendants LaRonda L. Arnold, Raymond Miller, Jr., Barbara Miller, Branch Banking & Trust Company, and the City of High Point. On 6 June 2007, however, plaintiffs voluntarily dismissed their claims against Arnold, the Millers, Branch Banking & Trust, and the City of High Point.
SNC, Dynacon Development, and Waller filed an answer on 8 March 2007 and an answer to the amended complaint on 27 March 2007, denying plaintiffs' claims and asserting various counterclaims. With respect to Connections Electric, in particular, defendants denied liability on the ground that Connections Electric was not incorporated until after the contract had been executed and the liens had already been filed.
By consent order, Winchester was substituted as a plaintiff for Connections Electric. Subsequently, however, plaintiffs moved to have Connections Electric added back into the action as a named plaintiff. On 5 December 2007, defendants moved for partial summary judgment on all claims asserted by Connections Electric or Winchester. On 3 March 2008, the trial court allowed Connections Electric to be added as a plaintiff, but granted summary judgment to defendants on Connections Electric's and Winchester's claims.
Defendants subsequently filed a motion under N.C. Gen. Stat. § 44A-35 and N.C. Gen. Stat. § 75-16.1 for attorneys' fees against Connections Electric and Winchester. In an order entered 15 April 2008, the trial court found that Connections Electric and Winchester unreasonably refused to resolve their Article 44A claims and that their Chapter 75 claims were frivolous and malicious. The court determined that defendants were entitled to attorneys' fees as the prevailing parties, found that $200.00 per hour was a reasonable rate, and awarded defendants $11,680.00 in attorneys' fees. Plaintiffs filed a motion for reconsideration on 29 April 2008 that was denied on 28 May 2008.
The remaining plaintiffs' claims and defendants' counterclaims were set for trial on 14 April 2008. On 17 April 2008, the parties announced to the trial court that they had settled their claims, with plaintiffs voluntarily dismissing their claims against defendants and defendants voluntarily dismissing their counterclaims.
On 1 May 2008, SNC and Dynacon Development moved for attorneys' fees against Smith and Watts. The trial court denied the motion on 28 May 2008. On 12 May 2008, Waller filed a motion to recover attorneys' fees from Lupo and Comfort Management; this motion was also denied.
Connections Electric and Winchester appealed from the trial court's order granting summary judgment to defendants and the order awarding attorneys' fees. Lupo, Smith, Watts, and Comfort Management are not parties to that appeal. SNC and Dynacon Development filed a notice of appeal from the trial court's order denying their motion for attorneys' fees against Smith and Watts. Waller appealed from the trial court's order denying his motion for attorneys' fees against Lupo and Comfort Management. Connections Electric and Winchester are not parties to defendants' appeals.

Plaintiffs' Appeal

A. Entry of Summary Judgment on Breach of Contract Claims
Connections Electric argues that the trial court erred by granting summary judgment to defendants on its breach of contract claim. Winchester contends that, in the event the trial court properly entered judgment on the breach of contract claim, he should have been permitted to proceed individually based on a theory of quantum meruit. Connections Electric and Winchester make no argument for reversal regarding their Article 44A, Chapter 75, or conversion claims. Any argument as to those claims is, therefore, deemed abandoned on appeal. N.C.R. App. P. 28(a).
The standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law. Von Viczay v. Thoms, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), aff'd per curiam, 353 N.C. 445, 545 S.E.2d 210 (2001); N.C.R. Civ. P. 56(c). The moving party ultimately has the burden of establishing the lack of any triable issue of fact, Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985), and the evidence presented is viewed in the light most favorable to the non-moving party, Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).
The sole issue with respect to the breach of contract claim is whether Connections Electric, which was not incorporated at the time the contract was entered into and performed, is entitled to enforce the contract. In his affidavit filed in opposition to defendant's summary judgment motion, Winchester states that he is the sole shareholder, a director, president, and chief executive officer of Connections Electric. He further states that, at the time he entered into the contract with defendants, he "believed .. . that Connections Electric, Inc., had its corporate charter issued, based on information that had been received from the attorney who was handling this matter." According to Winchester, the actions he took  entering into the contract, performing the work, and filing the liens  were done for the benefit of the corporation. Winchester acknowledged, however, that "the corporate charter was not issued until the work was completed and until after [Winchester] filed the lien[s] in the name of Connections Electric, Inc."
Our Supreme Court has held: "Although a corporation may not technically ratify a contract made on its behalf prior to its incorporation, since it could not at that time have authorized such action on its behalf, it may, after it comes into existence, adopt such contract by its corporate action, which adoption may be express or implied, and thereby become liable for its performance." Smith v. Ford Motor Co., 289 N.C. 71, 80, 221 S.E.2d 282, 288 (1976). An adoption of a pre-incorporation contract may occur by implication when the corporation, after coming into existence, "accepts the benefits of the contract with knowledge of its provisions." Whitten v. Bob King's AMC/Jeep, Inc., 292 N.C. 84, 90, 231 S.E.2d 891, 894 (1977).
Connections Electric argues that, under these general principles of corporate law, it should have been "allowed to assume and enforce the contract made in its name by plaintiff Walter Winchester, once the corporation came into being." Defendants counter that Connections Electric never took any "act[ion] under the contract" that would constitute acceptance of the contract's benefits and thus no "adoption" occurred.
Although North Carolina's appellate courts have not addressed the precise scenario presented here, other jurisdictions have held that the act of initiating a lawsuit based on a pre-incorporation contract is itself an adoption of the contract. See, e.g., Hog Heaven Corp. v. Midland Farm Mgmt. Co., 380 N.W.2d 756, 759-60 (Iowa Ct. App. 1985) ("adhering to the majority view" that corporation's institution of suit on pre-incorporation contract constitutes adoption of contract); K & J Clayton Holding Corp. v. Keuffel & Esser Co., 113 N.J. Super. 50, 54, 272 A.2d 565, 567 (N.J. Super. Ct. Ch. Div. 1971) ("One mode of adopting the [pre-incorporation] contract is the institution of suit thereon by the corporation."); A.A. Martin Transp. Co. v. Almonte, 468 A.2d 268, 272 (R.I. 1983) ("Evidence of ratification need not be shown solely by a formal vote of the board of directors. For instance, it may be demonstrated by the initiation of a suit for specific performance of a preincorporation agreement . . . ."); Windsor Hosiery Mills, Inc. v. Haren, 220 Tenn. 6, 9, 413 S.W.2d 676, 677 (1967) ("'Under the rule that one may sue upon a contract made for his benefit, a corporation may sue to enforce or recover damages for breach of a preorganization contract. And it would seem that the act of suing upon the contract is of itself an adoption of the contract, precluding any objection that the corporation may not sue upon it.'" (quoting Moore v. Dallas Post Card Co., 215 S.W.2d 398, 401 (Tex. Civ. App.-Dallas 1948, writ refused, n.r.e.))); Moore, 215 S.W.2d at 401 ("'[A] formal acceptance [of a pre-incorporation contract] is not necessary; demanding payment . . . or bringing suit upon the contract is a sufficient acceptance.'" (quoting 10 Tex.Jur., p. 483, sec. 280)). See generally 18 Am. Jur. 2d Corporations § 129 ("Ratification, adoption, or acceptance of a preincorporation contract by a promoter need not be expressed, but may be implied from acts or acquiescence on the part of the corporation or its authorized agents. Thus, a corporation's act of suing on a preincorporation contract is in itself an adoption of the contract.").
Although not controlling, we find the reasoning of these cases persuasive. Indeed, defendants have not cited any authority holding otherwise. Accordingly, we hold that Connections Electric presented sufficient evidence to raise an issue of fact as to whether it was entitled to sue to enforce the contract. Defendants do not dispute that Connections Electric submitted sufficient evidence to defeat summary judgment as to whether there was a breach of contract assuming Connections Electric was entitled to enforce the contract. We, therefore, reverse the trial court's entry of summary judgment on Connections Electric's breach of contract claim.
Winchester alternatively argues that if Connections Electric cannot prosecute the breach of contract claim, then he should be able to proceed with a claim for recovery based on quantum meruit. To prevent unjust enrichment, "a plaintiff may recover in quantum meruit on an implied contract theory for the reasonable value of services rendered to and accepted by a defendant." Horack v. Southern Real Estate Co. of Charlotte, Inc., 150 N.C. App. 305, 311, 563 S.E.2d 47, 52 (2002). It is, however, "a well established principle that an express contract precludes an implied contract with reference to the same matter." Vetco Concrete Co. v. Troy Lumber Co., 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962). Thus, "quantum meruit `is not an appropriate remedy when there is an actual agreement between the parties.'" Horack, 150 N.C. App. at 311, 563 S.E.2d at 52 (quoting Whitfield v. Gilchrist, 348 N.C. 39, 42, 497 S.E.2d 412, 414 (1998)).
Because we have reversed the entry of summary judgment on Connections Electric's breach of contract claim, Winchester may not proceed based on quantum meruit. Barrett Kays & Assocs. v. Colonial Bldg. Co., Inc. of Raleigh, 129 N.C. App. 525, 529, 500 S.E.2d 108, 111 (1998) ("The defendants further argue that the trial court erred in granting partial summary judgment as to their claim for quantum meruit. Because an express contract existed, quantum meruit was not appropriate."). We, therefore, affirm the trial court's summary judgment order with respect to Winchester's quantum meruit claim.

B. Attorneys' Fee Award
Plaintiffs next argue that the trial court erred in awarding defendants attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 and N.C. Gen. Stat. § 75-16.1. N.C. Gen. Stat. § 44A-35, which provides for attorneys' fees in lien cases, states in relevant part:
In any suit brought or defended under the provisions of Article 2 or Article 3 of this Chapter, the presiding judge may allow a reasonable attorneys' fee to the attorney representing the prevailing party. This attorneys' fee is to be taxed as part of the court costs and be payable by the losing party upon a finding that there was an unreasonable refusal by the losing party to fully resolve the matter which constituted the basis of the suit or the basis of the defense.
In turn, N.C. Gen. Stat. § 75-16.1 provides for attorneys' fees in Chapter 75 cases:
In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or
(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.
With respect to a trial court's order granting attorneys' fees, the "trial court's findings of fact are binding upon appeal if they are supported by competent evidence, even when there may be evidence to the contrary." Printing Servs. of Greensboro, Inc. v. Am. Capital Group, Inc., 180 N.C. App. 70, 81, 637 S.E.2d 230, 236 (2006), aff'd per curiam, 361 N.C. 347, 643 S.E.2d 586 (2007). An award of attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 or N.C. Gen. Stat. § 75-16.1 is reviewed for an abuse of discretion. Terry's Floor Fashions, Inc. v. Crown Gen. Contractors, Inc., 184 N.C. App. 1, 17, 645 S.E.2d 810, 820 (2007) ("This Court reviews a trial court's award of attorney's fees pursuant to section 44A-35 for abuse of discretion."), aff'd per curiam, 362 N.C. 669, 669 S.E.2d 321 (2008); Shepard v. Bonita Vista Props., L.P., ___ N.C. App. ___, ___, 664 S.E.2d 388, 396 (2008) ("The award or denial of attorney's fees under section 75-16.1 is within the sole discretion of the trial court . . . ."), aff'd per curiam, 363 N.C. 252, 675 S.E.2d 332 (2009). To establish an abuse of discretion, "the appellant must show that the trial court's ruling was manifestly unsupported by reason, or could not be the product of a reasoned decision." Nationwide Mut. Fire Ins. Co. v. Bourlon, 172 N.C. App. 595, 601, 617 S.E.2d 40, 45 (2005) (internal citation omitted), aff'd per curiam, 360 N.C. 356, 625 S.E.2d 779 (2006).
In the trial court's order awarding defendants attorneys' fees, the trial court found:
1. Between August 18 and November 9, 2006 [plaintiff] Walter Winchester prepared and caused to be filed in the Office of the Clerk of Superior Court for Guilford County a series of twelve Claims of Lien against properties owned by the [defendant] [SNC] wherein Winchester was asserted [sic] that Connections Electric, Inc. was owed moneys from [SNC] upon materials and labor furnished to [SNC] between May 29 and August 18, 2006;
2. The Articles of Incorporation for Connections Electric, Inc., were not executed until October 11, 2006 and filed on October 16, 2006, which execution and filing occurred after the time period alleged in the Claims of Lien that the labor and materials were provided;
3. Mr. Winchester has acknowledged that he was aware no later than October 11, 2006 that Connections Electric, Inc. was not a duly organized and existing corporation licensed to do business as an electrical contractor during the times alleged in the Claims of Lien;
4. That all Claims of Lien were filed after October 11, 2006 and the execution of the Articles of Incorporation;
5. That Walter Winchester caused a complaint to be filed in this action on January 3, 2007 wherein Connections Electric, Inc. as a plaintiff alleged that it did business and contracted with [SNC] during the times alleged in the Claims of Lien and which complaint sought to enforce the Claims of Lien previously filed;
6. That the answer filed by the defendants to the complaint raised as a defense and put the plaintiff on notice of the failure of the corporate plaintiff to have been formed and organized at the time of the alleged contracts and provision of labor and materials;
7. That after being so informed, Walter Winchester caused to be filed an Amended Complaint on the 5th day of March 5, 2007 [sic] wherein Connections Electric, Inc. was once again named as a plaintiff and once again alleged that contract existed between plaintiff corporation and [SNC] and the other defendants and that plaintiff corporation had provided labor and materials at time set forth in the Claims of Lien[.]
The trial court ultimately determined that plaintiffs refused to "correct misstatements of fact contained in both complaints" and that they "knew or should have known that such misstatements and actions were unjustified in fact and law"; that they continued to prosecute claims in Connections Electric's name against defendants "based upon said misstatements of fact and law including claims to enforce the Claims of Lien"; that plaintiffs either knew or should have known at the time of filing the liens that they contained false statements of fact and law; and that in light of the misstatements of fact and law, plaintiffs unreasonably refused to settle their claims. Based on these findings and the fact that defendants had prevailed on summary judgment, the trial court concluded that defendants were the prevailing parties and that "Winchester and Connections Electric, Inc. willfully and unreasonably refused to resolve the claims brought against the defendants." The trial court, therefore, awarded defendants attorneys' fees.
Plaintiffs first contend that there is insufficient evidence to support the trial court's findings that "Walter Winchester acknowledged he was aware no later than October 11, 2006, that Connections Electric, Inc., was not an existing corporation, and that when he caused to be filed the amended complaint on March 5, 2007, he alleged that plaintiff Connections Electric, Inc., was the contracting party, when he knew it was not a corporation." Although plaintiffs assigned error to findings of fact 5 through 7, plaintiffs did not assign error to findings 1 through 4. These unchallenged findings are, therefore, binding on appeal. Koufman v. Koufman, 330 N.C. 93, 97-98, 408 S.E.2d 729, 732 (1991).
The trial court's unchallenged finding of fact 3 that Winchester was aware as of 11 October 2006 that Connections Electric was not duly incorporated and organized at the time the contract was entered into and performed supports the court's finding that, when the amended complaint was filed on 5 March 2007, Winchester knew of Connections Electric's status at the relevant times despite "once again alleg[ing] that [the] contract existed between plaintiff corporation and [SNC] and the other defendants and that plaintiff corporation had provided labor and materials at time[s] set forth in the Claims of Lien[.]" We, therefore, overrule this assignment of error.
Connections Electric and Winchester also contend that there is insufficient evidence to support the trial court's finding under N.C. Gen. Stat. § 44A-35 that they unreasonably refused to resolve their claim to enforce the liens, as well as its finding under N.C. Gen. Stat. § 75-16.1 that they knew their Chapter 75 claims were frivolous and malicious. Plaintiffs did not submit any evidence in opposition to defendants' motion for attorneys' fees. Subsequently, in support of their motion for reconsideration of the order granting fees, plaintiffs submitted, for the first time, two affidavits and an exhibit.
In arguing on appeal that the trial court erred in awarding attorneys' fees, plaintiffs point only to the evidence submitted in support of their motion for reconsideration. That evidence, which was not before the trial court at the time it entered the original order, cannot be a basis for determining that the court erred in entering its original order awarding fees. See Dixon v. Hill, 174 N.C. App. 252, 261 n.3, 620 S.E.2d 715, 720 n.3 (2005) ("In making its argument, the Church similarly relies upon a document that post-dates the trial court's summary judgment order. Since this material was not presented to the trial court in the first instance, it may not be considered by this Court."), disc. review denied, 360 N.C. 289, 627 S.E.2d 619, cert. denied, 548 U.S. 906, 165 L. Ed. 2d 954, 126 S. Ct. 2972 (2006). Connections Electric and Winchester have not pointed to any evidence that would warrant reversal of the 15 April 2008 order initially awarding attorneys' fees, and, therefore, we affirm that order.
While the evidence submitted by Connections Electric and Winchester could be considered in determining whether the trial court erred in denying their motion for reconsideration, the 28 May 2008 order denying that motion is not properly before this Court. Rule 3(d) of the Rules of Appellate Procedure requires that the notice of appeal filed by an appellant "designate the judgment or order from which appeal is taken . . . ." As plaintiffs filed their notice of appeal from the 15 April 2008 order prior to the entry of the 28 May 2008 order, the notice of appeal could not have referenced the subsequent order. Plaintiffs were, therefore, required to file a separate notice of appeal with respect to the 28 May 2008 order. See Mason v. Dwinnell, 190 N.C. App. 209, 215, 660 S.E.2d 58, 62 (2008) ("[S]ince the notice of appeal was filed prior to the entry of the 24 July 2006 order, it could not reference that subsequent order. [Appellant] was, therefore, required to file another notice of appeal regarding that order.").
"Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2." Bromhal v. Stott, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994), disc. review denied in part, 339 N.C. 609, 454 S.E.2d 246, aff'd in part, 341 N.C. 702, 462 S.E.2d 219 (1995); accord Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co., 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) (stating that Rule 3's requirements are jurisdictional and that "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal"); Crowell Constructors, Inc. v. State ex rel. Cobey, 328 N.C. 563, 563-64, 402 S.E.2d 407, 408 (1991) (per curiam) (holding that because record did not contain notice of appeal in compliance with Rule 3, there was no appellate jurisdiction and appeal must be dismissed). We, therefore, lack jurisdiction to review the 28 May 2008 order denying plaintiffs' motion for reconsideration.
In their final argument regarding the attorneys' fees, Connections Electric and Winchester contend that the trial court failed to make the necessary findings regarding the reasonableness of the attorneys' fees award. "Appropriate findings" supporting an award of attorneys' fees include findings regarding the "time and labor expended, the skill required to perform the services rendered, the customary fee for like work, and the experience and ability of the attorney." Lapierre v. Samco Dev. Corp., 103 N.C. App. 551, 561, 406 S.E.2d 646, 651 (1991).
Here, the trial court made the following findings addressing the reasonableness of the amount of attorneys' fees:
14. Donald P. Eggleston, Esq., is a licensed attorney at law who is licensed to practice before the general courts of justice of the State of North Carolina and Guilford County and has valuable skill and experience in the defense of lien and Chapter 75 claims;
15. The rate of $200.00 per hour is a reasonable and customary rate to be charged for the defense of this action given the nature of the claims and expertise and experience of the attorney, and that the sum of $11,680.00 expended by the defendants in the defense of these claims is also reasonable given the number and complexities of the claims alleged, the quality of the services rendered, the reasonable amount of time expended, and the results obtained.
Plaintiffs argue that these findings are insufficient because "the superior court utterly failed to make findings as to the nature and scope of the legal services provided by [defense counsel] that were pertinent to the motion for summary judgment."
We note first that defense counsel's affidavit asserted (without attaching supporting time records):
My time records reflect that I have expended and billed the clients for a total of 94.6 hours in the defense of the action [approximately 45 of those hours were spent specifically in preparing, researching, briefing and arguing the summary judgment motion], through and including specifically the prosecution of the summary judgment motion against Connections Electric, Inc. and Walter Winchester and expect to bill an additional 5 hours in the preparation and argument of the motion for attorney's fees for a total of 98.6 hours or $19,920.00.
(Bracketed material original.) Thus, defense counsel did not allocate his time among the various claims presented in this case, which included not only claims under Article 44A and Chapter 75, but also claims for breach of contract. Defendants, however, sought  and were awarded  fees only as to the Article 44A and Chapter 75 claims.
In addition, although defendants requested fees in the amount of $19,920.00, the trial court only awarded fees in the amount of $11,680.00. Since the trial court found that the rate of $200.00 per hour was reasonable, the trial court necessarily determined that defendants were entitled to fees for 58.4 of defense counsel's hours in defending this case. Since the only evidence before the trial court was that defense counsel had spent a total of 94.6 hours in defense of the action, we have been unable to determine the basis for the award of $11,680.00.
In sum, the order contains no findings as to what hours were spent on the Article 44A and Chapter 75 claims and provides no explanation for how the trial court reached its conclusion as to the amount to award. Without additional findings, we cannot determine whether the award is supported by the evidence or whether it constitutes an abuse of discretion. We must, therefore, remand for further findings of fact specifying the hours reasonably spent on the defense of the Article 44A and Chapter 75 claims and findings supporting the amount ultimately awarded.

Defendants' Appeals
SNC and Dynacon Development gave notice of appeal from the trial court's 28 May 2008 order denying their motion for attorneys' fees against Smith and Watts. Waller filed a separate notice of appeal from the trial court's 12 June 2008 order denying his motion for attorneys' fees against Lupo and Comfort Management. Defendants did not, however, file an appellant's brief in connection with their appeal. Instead, they included the arguments supporting their claims for attorneys' fees in their appellees' brief responding to the appellants' brief of Connections Electric and Winchester.
A party may simply cross-assign error under Rule 10(d) and bring forward those cross-assignments of error into their appellee's brief when "presenting for review any action or omission of the trial court which deprives the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken[.]" Harllee v. Harllee, 151 N.C. App. 40, 51, 565 S.E.2d 678, 685 (2002) (emphasis added). When, however, the party contends that a judgment or order was erroneously entered and that "an altogether different kind of judgment should have been entered," the party is required to cross-appeal. Id.
Here, defendants' cross-assignments of error do not raise alternative grounds for upholding the trial courts' orders. Instead, each assignment of error presents an argument that the trial court committed reversible error in denying the two motions for attorneys' fees. Consequently, defendants' contentions should have been pursued in the form of a cross-appeal rather than as cross-assignments of error.
While defendants did file their own notices of appeal, they did not follow through with their appeals by filing an appellant's brief. As cross-appellants, however, defendants were required to "comply with the same rules of appellate procedure as any other appellant, including filing a separate appellate brief" under Rule 13(a)(1). Krantz v. Owens, 168 N.C. App. 384, 388, 607 S.E.2d 337, 341 (2005). N.C.R. App. P. 13(c) provides in pertinent part: "If an appellant fails to file and serve his brief within the time allowed, the appeal may be dismissed on motion of an appellee or on the court's own initiative."
This case is controlled by the Supreme Court's decision in Alberti v. Manufactured Homes, Inc., 329 N.C. 727, 407 S.E.2d 819 (1991), in which the Court ruled:
Plaintiffs gave proper notice of appeal on these issues [of attorneys' fees, treble damages, and interest] but did not file an appellant's brief within the time allowed under Rule 13 of the North Carolina Rules of Appellate Procedure. Rather, they attempted to argue the issues in their appellee's brief. The Court of Appeals, therefore, correctly held that plaintiffs had failed to preserve any of these questions for its review, and we affirm this decision.
Because on these issues plaintiffs are seeking affirmative relief in the appellate division rather than simply arguing an alternative basis in law for supporting the judgment, they are not entitled to cross-assign error in their appellee's brief. N.C. R. App. P. 10(d). To have properly raised these issues plaintiffs should have filed, but did not file, an appellant's brief.
Id. at 739, 407 S.E.2d at 826. Based on the plaintiffs' failure to file an appellant's brief as required, the Court "decline[d]" to consider those arguments raised in the plaintiffs' appellees' brief. Id. See also Outerbridge v. Perdue Farms, Inc., 181 N.C. App. 50, 58, 638 S.E.2d 564, 570 ("Defendant is seeking affirmative relief in this Court rather than arguing an alternative basis in law for supporting the judgment, and is therefore not entitled to cross-assign error in its appellee's brief. Defendant should have filed an appellant's brief to properly raise these issues." (internal citations omitted)), aff'd per curiam, 361 N.C. 583, 650 S.E.2d 594 (2007).
Alberti describes the failure to file an appellant's brief in support of a cross-appeal under Rule 13 as a failure to preserve issues for review. In Dogwood, 362 N.C. at 195-96, 657 S.E.2d at 364, the Supreme Court explained that "a party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." In "'exceptional circumstances,'" however, an appellate court may "take th[e] `extraordinary step'" of invoking Rule 2, Dogwood, 362 N.C. at 196, 657 S.E.2d at 364 (quoting State v. Hart, 361 N.C. 309, 315-17, 644 S.E.2d 201, 205-06 (2007)), "when necessary to `prevent manifest injustice to a party' or to `expedite decision in the public interest.'" Id. (quoting N.C.R. App. P. 2).
This case does not present an exceptional case warranting suspension of the appellate rules under Rule 2. This error is not a mere technical violation of the appellate rules that does not interfere with our proper resolution of the issues on appeal. As both the record on appeal and the appellants' brief filed by Connections Electric, Inc. and Walter Winchester state on their cover pages (thereby reminding defendants): "Only plaintiffs Connections Electric, Inc., and Walter Winchester are appellants." Defendants' appellees' brief responded to appellants Connections Electric and Winchester, while the appellees on their cross-appeal were Lupo, Smith, Watts, and Comfort Management.
Thus, by failing to file an appellant's brief, defendants effectively deprived Lupo, Smith, Watts, and Comfort Management of the ability to respond to defendants' arguments through submission of an appellee's brief. Defendants' default has  to use Dogwood's language  "impair[ed] th[is] [C]ourt's task of review" and "frustrate[d] the adversarial process." 362 N.C. at 200, 657 S.E.2d at 366-67. We, therefore, decline to invoke Rule 2 and dismiss defendants' cross-appeal.
Reversed and remanded in part; affirmed in part; dismissed in part.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).